■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH JENKINS, Appellant. — Appeal by defendant from (1) a

judgment of the Supreme Court, Queens County (Chetta, J.), rendered February 20, 1981, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Brennan, J.), dated October 24, 1980, which dismissed his application for a writ of habeas corpus. By order dated February 7, 1983, this court remitted the case to the Supreme Court, Queens County, to hear and report, with all convenient speed, on the issue of whether defendant had been denied his right to a speedy trial and in the interim held the appeals in abeyance (*People v Jenkins,* 92 AD2d 549). Criminal Term (Lakritz, J.) has filed its report.

The case is again remitted to the Supreme Court, Queens County, to hear and report on the issue of whether any part of the period from July 5, 1979 until the People effectively announced their readiness for trial should be excluded from the six-month period within which the People should have been ready for trial pursuant to CPL 30.30, and the appeals are held in abeyance in the interim. The court shall file its report with all convenient speed.

By order dated February 7, 1983, we remitted the instant matter to Criminal Term to hear and report on the issue of whether defendant had been denied his right to a speedy trial. In our memorandum decision accompanying the order, we noted that Criminal Term had failed to consider the time period prior to July 5, 1979 in determining defendant's speedy trial claim (*People v Jenkins,* 92 AD2d 549, *supra*). Therefore, at the hearing held on our remittitur order, Criminal Term only considered testimony and documentary evidence (transcripts of minutes of adjournments) concerning the period from January 3, 1979 (the filing of the first accusatory instrument against defendant) to July 5, 1979 (the dismissal of the first indictment). The hearing court concluded that 67 days of that period were chargeable to the People, but made no finding with respect to whether defendant had been denied his right to a speedy trial.

We find that the hearing court properly found that 67 days were chargeable to the People for the period from January 3, 1979 to July 5, 1979. However, the record before us does not provide "conclusive proof of sufficient excludable periods" from July 5, 1979 until the People effectively announced their readiness for trial, which is alleged to be May 5, 1980 (but which date cannot be verified from the record), to warrant denial of defendant's motion to dismiss the indictment on the ground that he had been denied his statutory right to a speedy trial (CPL 30.30; see *People v Berkowitz,* 50 NY2d 333, 349).

Accordingly, the instant matter is again remitted to the Supreme Court, Queens County, for a hearing to determine

whether any part of the period from July 5, 1979 until the People effectively announced their readiness for trial should be excluded in computing the six-month period during which the People should have been ready for trial pursuant to CPL 30.30. Lazer, J. P., Gibbons, Niehoff and Boyers, JJ., concur.