■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH JENKINS, Appellant. — Appeal by defendant from (1) a judgment of the Supreme Court, Queens County (Chetta, J.), rendered February 20, 1981, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Brennan, J.), dated October 24, 1980, which dismissed his application for a writ of habeas corpus. The appeals bring up for review the denial of defendant's omnibus motion, *inter alia,* to dismiss the indictment on speedy trial grounds (Dubin, J.). By order dated February 7, 1983, this

court remitted the case to the Supreme Court, Queens County, to hear and report, with all convenient speed, on the issue of whether defendant had been denied his right to a speedy trial and in the interim held the appeals in abeyance (*People v Jenkins,* 92 AD2d 549). After Criminal Term (Lakritz, J.) filed its report, this court, by order dated September 4, 1984 (104 AD2d 563), again remitted the case to the Supreme Court, Queens County, to hear and report, with all convenient speed, on the issue of whether any part of the period from July 5, 1979 until the People effectively announced their readiness for trial should be excluded from the six-month period within which the People should have been ready for trial pursuant to CPL 30.30, and the appeals were held in abeyance in the interim. Criminal Term (Posner, J.) has filed its report.

Judgment rendered February 20, 1981 reversed, on the law, motion to dismiss the indictment granted, indictment dismissed and case remitted to the Supreme court, Queens County, for the purpose of entering an order in its discretion, pursuant to CPL 160.50.

Appeal from judgment dated October 24, 1980 dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the judgment rendered February 20, 1981.

Since the People were not ready for trial within the time period set forth in CPL 30.30, defendant's speedy trial motion should have been granted.

In light of our determination, defendant's other contentions need not be reached. Lazer, J. P., Gibbons, Niehoff and Boyers, JJ., concur.